THE ARMENTA LAW FIRM APC
M. CRIS ARMENTA #177403
11900 Olympic Boulevard, Suite 730
Los Angeles, California 90065
Telephone: (310) 826-2826 x 108
Facsimile: (310) 826-5456
cris@crisarmenta.com

Attorneys for Media2Air, Inc.
and FAME Pictures, Inc.

FILED
10 AUG 25 PM 12: 35
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MEDIA2AIR, Inc., a California corporation; FAME Pictures, Inc,, a California Corporation,

Plaintiffs,

vs.

FOX NEWS NETWORK LLC,, a Delaware limited liability company; NEWS CORPORATION, a Delaware corporation, and DOES 1-10, inclusive,

Defendants.

CASE NO. CV10 6346 CBM (JEMx)

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, WITH DEMAND FOR JURY TRIAL**

Plaintiffs Media2Air, Inc., and FAME Pictures, Inc. (collectively, "Plaintiffs") allege for their Complaint as follows:

## INTRODUCTION

1. Given the media attention that has surrounded actor and philanthropist Brad Pitt over the last decade and the resulting use by immeasurable news and entertainment sources for footage of Mr. Pitt and his famous family, Fox News Network LLC ("Fox), part of New Corporation ("News Corp") news and broadcasting empire, demonstrates no qualms in using and exploiting the protected copyright works of others without payment or permission.

COPY

2. Plaintiffs are the registered copyright owners and creators of a 2009 audio-visual work containing footage of Brad Pitt driving his motorcycle and in a minor incident in Hollywood in Los Angeles (the "Work"). This Work is the only footage of the incident. Portions of the Work were broadcast, with Plaintiffs' permission, on the internet and on television. However, the permission was limited to those specific licensees and under strict time and platform guidelines. As part of its continuing coverage of the Pitt family amongst its various media platforms, Fox illegally and improperly downloaded the Work from one of Plaintiff's licensors websites, and proceeded to broadcast the Work without any permission to do so. Fox now claims that the use of the Work was "fair use" because it was contained within a show hosted by Bill O'Reilly in which he purportedly criticizes the development of the Work; Fox is wrong. Fox is a for-profit enterprise that obtains entertainment type human interest stories about celebrities, including Brad Pitt, for the purpose of making a profit and boosting its ratings. Whether encapsulated in a Bill O'Reilly show or not, Fox illegally used, downloaded and broadcast the Work. And, FOX *continues* to use images from the Work in photographic form in a platform with absolutely no commentary or critical purpose on its entertainment blogs.

3. Although the chairman of New Corp., Robert Murdoch, has extensively criticized media outlets for claiming "fair use" when reprinting or rebroadcasting Fox's copyrighted content, Fox is engaged in the same bad conduct condemned by its own chairman: "There's a doctrine called 'fair use,' which we believe to be challenged in the courts and would bar it all together. . . .But we are better. If you look at them, most of their stuff is stolen from the newspapers now, and we'll be suing for copyright." This is not the first lawsuit filed this year in which Fox will, predictably, claim to "operate unencumbered by the very copyright restrictions it seeks to impose on its competitors." Indeed, in F. Schaffel Productions LLC v. Fox

News Network LLC, et al, Case No. CV10-00117 SJO, this Court has already rejected Fox's claim of "fair use" when it rebroadcast, without permission, a copyrighted video of the interview of Deborah Rowe, the late Michael Jackson's ex-wife, on a Geraldo Rivera show.

## JURISDICTION AND VENUE

4. This action arises under the United States Copyright Act, 17 U.S.C. § 101, et seq., because it is based on copyright infringement committed in the United States. This Court has subject matter question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a), because each Defendant is subject to personal jurisdiction in this District and a substantial part of the events, and/or omissions giving rise to the claim herein occurred in this District.

## THE PARTIES

6. Media2Air, Inc. is, and at all times relevant, has been, a corporation organized and existing under the laws of the State of California.

7. FAME Pictures, Inc. is, and at all times relevant, has been, a corporation organized and existing under the laws of the State of California.

8. Plaintiffs are informed and believe and therefore allege that Defendant Fox is, and at all times relevant, has been, a Delaware limited liability company conducting business in the City of Los Angeles, State of California under the name "Fox News Channel," and is a subsidiary of Defendant News Corp.

9. Plaintiffs are informed and believe and therefore allege that Defendant News Corp. is, and at all times relevant, has been, a Delaware corporation conducting business in the City of Los Angeles, State of California and is the owner of Fox. Plaintiffs are informed and believe that there has been a unity of interest and ownership between Defendant Fox and Defendant News Corp. and that

Defendant News Corp. exercises complete control, management, operation and dominance of Defendant Fox to such an extent that Defendant Fox is a mere shell and instrumentality through which Defendant News Corp. carries on its business and that any separateness between them does not exist.

10. Plaintiffs are unaware of the true names and capacities of other Defendants and have therefore sued Does 1 through 10 by fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of these Defendants once they have ascertained their identities and theories for liability. Plaintiffs are informed and believe that each of the Does are responsible in some way for the claims alleged and that Plaintiff's damages were caused by these Does.

11. Plaintiffs are informed and believe and therefore allege that each of the Defendants were at all relevant times the principals, agents, employees, co-venturers, or representatives of each of the other Defendants. In doing that which is alleged, Defendants each acted within the course and scope of their relationships and with the knowledge, permission, consent, ratification and/or adoption of Defendants, and each of them.

## FACTUAL STATEMENT

12. Plaintiffs are the owner of an audio-visual work entitled "PH11628 Brad Pitt falls from motorcycle," which was produced by Plaintiffs in 2009. The Work consists of a video of actor and philanthropist in a minor motorcycle incident in Hollywood, where Pitt fails to control his motorcycle trying to drive between two cars at approximately 1 mile per hour. Pitt was not injured. The Work is registered with the United States Copyright Office under Registration Number PA 1-649-709 and was registered in October 30, 2009. A true and correct copy of the registration certificate is attached hereto as Exhibit A.

13. After producing the Work, Plaintiffs offered various media outlets a limited license for the broadcast of the Work. Among others, Plaintiffs offered Fox

the opportunity to legally acquire a license to use the Work. The opportunity was provided through the regular means through which Plaintiffs routinely offer copyrighted works to Fox.

14. Plaintiffs offered the Work, on a limited license basis, to TMZ.com, which used it, with authorization and permission on or about October 27, 2009, and compensated Plaintiffs for the limited license. TMZ did, and was entitled to, broadcast the Work on a limited basis, for a twenty-four hour period only in TV and for a week on internet only.

15. Instead of purchasing a license, Fox downloaded or in some other fashion, copied the Work from TMZ.com's platform and proceeded to broadcast the Work on October 27, 2009, based on information and belief, at least on a nationwide basis and on the internet. Plaintiffs immediately contacted FOX, on October 27, 2009 at 9:30 p.m. and demanded that Fox cease and desist, and advised Fox of Plaintiff's rights under the United States Copyright Act. Fox ignored that demand.

16. On October 29, 2009, Fox again rebroadcast the footage. Plaintiffs sent Fox another cease and desist letter on October 30, 2009 at 3:00 p.m. and notified Fox again of Plaintiff's rights under the United States Copyright Act. Fox ignored that demand.

17. On February 1, 2010, Plaintiff's attorney sent a third cease and desist demand to Fox. Fox did not respond until February 15, 2010, when a Fox attorney Carlotta Cassidy called the principal of Media2Air. Ms. Cassidy's position, on behalf of Fox, was that Fox's use of the Work was permissible under the "newsworthy rule" and that although she admitted that Fox broadcasted the work on October 27, 2010, the link where the video continued to appear through February 2010 was merely a cached copy from Google for which Fox bears no responsibility. Ms. Cassidy further claimed that "nobody at Fox news" knows about the Plaintiffs (despite the fact that Fox has previously purchased limited licenses from the

Plaintiffs). Plaintiffs believed that, based on the conversation with Ms. Cassidy, that Fox had removed the offending link from the internet and put an end to its unlawful and infringing exploitation of Plaintiff's work.

18. On or before July 19, 2010, Plaintiff learned that Fox had continued to broadcast the Work, based on information and belief, continuously from October 2009 through July 2010, at the following internet location: http://www.foxnews.com/search-results/m/27099993/pinheads-patriots-10-27.htm#q=brad+pitt+motorcycle. Contrary to Ms. Cassidy's prior representations, this is *not* a simple cached site by Google, but was a site operated and maintained at all times by Fox. And, contrary to Ms. Cassidy's assertions, the initial broadcast and continued broadcast on the internet for more than eight months was not "fair use."

19. Indeed, the audacity of Fox in its use is highlighted by its *still continued use to this day* of the images taken from the Work, which Fox continues to publish on its internet blog, with the address: http://entertainment.blogs.foxnews.com/2009/10/26/brad-pitt-motorcycle-accident-paparazzi. Despite Fox's knowledge, and that of its counsel, that Plaintiffs own the Work and have demanded that Fox cease and desist from infringement on at least four separate occasions, Fox continues to use and exploit the Work or a portion of it.

**CLAIM FOR RELIEF**

**(for Copyright Infringement, 17 U.S.C. § 101, et seq. against all Defendants)**

20. Plaintiffs re-allege each and every allegation contained in the preceding paragraphs, as if they were set forth fully herein.

21. Plaintiffs are the sole owners of all rights, title and interest in the copyrighted Work.

22. Plaintiff is informed and believes and therefore alleges that Defendants, and each of them, have commercially exploited, published, broadcast and used the copyrighted Work or a portion of it.

23. Defendants' commercial use, exploitation publication, broadcast and use is unauthorized and constitutes an infringement of Plaintiff's rights, including that of the copyrights in the Work and of the copyright laws.

24. Plaintiffs are informed and believe and on that basis allege that: (1) Defendants had prior knowledge of Plaintiff's rights; and (2) even after been placed on notice of the copyrighted nature of the Work, Defendants continued to exploit the Work or part of it; and therefore, Defendants' infringing activities are willful and wanton.

25. As a result of their actions, Defendants are liable to Plaintiffs for willful copyright infringement under 17 U.S.C. § 501. Plaintiffs suffered, and will continue to suffer, substantial damage to their professional reputations and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. Plaintiffs are entitled to receive the profits made by Defendants through their unlawful acts, pursuant to 17 U.S.C. § 504. These statutory damages should be enhanced by 17 U.S.C. § 504(c) (2) because of Defendants' willful copyright infringements and because of Defendants' history of infringing copyrighted works

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Fox, News Corp., and Doe Defendants as follows:

1. That the Court enter judgment against the Defendants that Defendants have infringed Plaintiff's rights in the Work under 17 U.S.C. § 501, and that each of the infringements by Defendants was willful.

2. For the damages suffered by Plaintiffs, as well as disgorgement of any profits Defendants attributable to their infringement, including the value of all gains,

profits, and consideration derived by Defendants from and as a result of their infringement of Plaintiff's rights in the Work.

3. In the alternative, if Plaintiff's so elect, in lieu of recovery of actual damages and Defendants' profits, for a 17 U.S.C. §504(c) award of statutory damages against Defendants, or any of them, for all copyright infringement (willful or otherwise) involved in this action as to the Interview;

4. For attorneys' fees and costs of the suit incurred;

5. For interest at the maximum statutory rate; and

6. For each other and further relief as the Court may deem just and proper.

Dated: August 25, 2010

THE ARMENTA LAW FIRM APC

By: [signature]
M. Cris Armenta

Attorneys for Plaintiffs

# EXHIBIT F

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

Registration Number
PA 1-649-709

Effective date of registration:
October 30, 2009

## Title

Title of Work: PH11628V Brad Pitt falls from motorcycle

Contents Titles: Brad Pitt driving, falling and aftermath of his fall from his motorcycle

## Completion/ Publication

Year of Completion: 2009

Date of 1st Publication: October 24, 2009 Nation of 1st Publication: United States

## Author

Author: Media2air-FAME

Author Created: editing/editor, direction/director, script/screenplay, production/producer, entire motion picture, cinematography/cinematographer

Work made for hire: Yes

Citizen of: United States Domiciled in: United States

## Copyright claimant

Copyright Claimant: Media2Air-FAME

7224 Hillside Ave, Suite 9, Los Angeles, CA 90046, United States

## Rights and Permissions

Organization Name: Media2Air, Inc

Name: Gerardo Prat

Email: gp@media2air.com Telephone: 323-969-9664

Address: 7224 Hillside Ave

Suite 9

Los Angeles, CA 90046 United States

## Certification

Name: Gerardo Praz

Date: October 30, 2009

---

Name & Address:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEDIA2AIR, Inc., a California corporation; FAME Pictures, Inc,, a California Corporation, PLAINTIFF(S) | CASE NUMBER CV10 6346 CBM (JEMx) |
| v. | |
| FOX NEWS NETWORK LLC,, a Delaware limited liability company; NEWS CORPORATION, a Delaware corporation, and DOES 1-10, inclusive, DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): Above named defendants

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, M. Cris Armenta, whose address is 11900 Olympic Blvd, Suite 730. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: AUG 25 2010

By: Deputy Clerk

SEAL

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MEDIA2AIR, Inc., a California corporation; FAME Pictures, Inc,, a California Corporation,

**DEFENDANTS**
FOX NEWS NETWORK LLC,, a Delaware limited liability company; NEWS CORPORATION, a Delaware corporation, and DOES 1-10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
M. CRIS ARMENTA, THE ARMENTA LAW FIRM, APC
11900 OLYMPIC BOULEVARD, SUITE 730, LOS ANGELES, CA 90064
(310) 826-2826, (310) 826-5456 FAX

Attorneys (If Known)
Carlotta Cassidy, Senior Media Counsel
[need address info]

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☐ **MONEY DEMANDED IN COMPLAINT: $**____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
United States Copyright Act, 17 U.S.C. 101, et seq. -willful infringement of registered copyright.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE / PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

ORIGINAL

**FOR OFFICE USE ONLY:** Case Number: CV10 6346

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, Delaware | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): M. Cis ______ Date 8/25/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV10- 6346 CBM (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [_] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [_] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.